UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | |
| RUST OF KENTUCKY, INC. | CASE NO.: 10-10271(1)(11) |
| Debtor | |
| RUST OF KENTUCKY, INC. | AP NO.: 10-1032 |
| Plaintiff | |
| vs. | |
| TMS CONTRACTING, LLC, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND | |
| Defendants | |

### ORDER-MEMORANDUM-OPINION

This matter is before the Court on the Motion for Clarification filed by Defendant Fidelity and Deposit Company of Maryland ("F&D") in its Capacity as Performance Bond Surety for Plaintiff Rust of Kentucky, Inc. ("Rust"). Although the Court's Judgment of February 7, 2012 disposes of the issues raised in F&D's Motion, the Court will **GRANT** the Motion of F&D in order to clarify the matters raised by F&D in its Motion.

On February 7, 2012, following a trial on the Complaint of Rust against F&D and TMS Contracting, LLC ("TMS"), the Court entered a Memorandum-Opinion and Judgment in

favor of Rust on its breach of contract claims against TMS and against F&D on its claim of breach of a payment bond.  (See, F&D's Motion for Clarification for recital of facts pertaining to the performance bond, F&D's Proof of Claim, Rust's Objection to F&D's Proof of Claim, the Agreed Order between Rust and F&D on the Objection to the Proof of Claim and the Consolidation Motion and resulting Order in this adversary proceeding.)

F&D requests that the Court answer three questions related to its Proof of Claim and Rust's Objection.  The first is, "Whether the Judgment addresses Rust's remaining Claim Objection to the contested portion of the F&D Claim pertaining to F&D's Performance Bond payment."  The answer is that the Judgment did address the remaining claim objection of Rust to the contested portion of the F&D claim on the Performance Bond. The Court determined that TMS breached the subcontracts and wrongfully terminated Rust from the project.  Any monies paid to TMS under the Performance Bond by F&D on Rust's behalf were not the legal obligation of Rust.  While not explicitly addressed in the Judgment, the issue is implicitly addressed by the Court's findings.

The second question is, "Whether the Court intended the Judgment to either sustain or overrule Rust's remaining Claim Objection to the contested portion of F&D's Claim pertaining to F&D's Performance Bond payment."  The Judgment does not explicitly state that the remaining Claim Objection of Rust was sustained.  However, in fact that is the practical effect of the Court's findings and the Judgment in favor of Rust on the breach of

contract claim and wrongful termination claim. The Judgment implicitly sustained Rust's remaining Objection to F&D's Proof of Claim.

The third issue is, "Whether the Court intended to reserve its ruling on Rust's remaining Claim Objection to the contested portion of F&D's claim pertaining to F&D's Performance Bond payment pending the outcome of any appeals of the Judgment pertaining to the construction dispute between Rust, TMS and TMS's payment bond surety." The Court did not intend to reserve its ruling on the remaining Claim Objection pending the outcome of any appeals of the Judgment. In accordance with the clarifications herein, the Court's Judgment sustains Rust's remaining Claim Objection.

The Court being duly advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that F&D's Motion for clarification is **GRANTED** in accordance with the matters addressed herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the remaining Claim Objection of Rust to the Proof of Claim of F&D, be and hereby is, **SUSTAINED**.

This a final and appealable Order there is no just reason for delay.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 2, 2012